GEORGIA COAST & P. R. CO. v. LOWENTHAL.

(Circuit Court of Appeals, Fifth Circuit. January 13, 1917. Rehearing Denied February 9, 1917.)

No. 2986.

COURTS ☞311—JURISDICTION—DIVERSITY OF CITIZENSHIP—REALIGNMENT OF PARTIES—TRUSTEE FOR BONDHOLDERS.

In a suit by a minority bondholder for the appointment of a receiver, after the refusal of the trustee for the bondholder to act because the affairs of the corporation were in charge of a committee of the bondholders, the trustee, if a necessary party, would be, by reason of his interests, aligned with plaintiff, and therefore the fact that it was a citizen and resident of the same state of plaintiff does not defeat the jurisdiction of the federal court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 858; Dec. Dig. ☞311.]

Appeal from the District Court of the United States for the Southern District of Georgia; Emory Speer, Judge.

Suit by David Lowenthal against the Georgia Coast & Piedmont Railroad Company, asking for the appointment of a receiver after the trustee for the bondholders had refused to institute such suit because a committee of the bondholders was in charge of the property. From

an interlocutory order appointing the receiver (233 Fed. 1016), the defendant appeals. Affirmed.

See, also, 233 Fed. 1010.

Robert M. Hitch, Remer L. Denmark, and Samuel B. Adams, all of Savannah, Ga., for appellant.

Alex. C. King, of Atlanta, Ga., Max Isaac, of Brunswick, Ga., and C. Henry Cohen, of Augusta, Ga., for appellee.

Before PARDEE and WALKER, Circuit Judges, and CALL, District Judge.

PER CURIAM. This is an appeal from an interlocutory order appointing a receiver. The errors assigned cover the propositions that the court is without jurisdiction:

First. Because the amount involved is less than $3,000, exclusive of interest and costs;

Second. Because in the showing made by the bill the Columbia Trust Company, trustee in the mortgage covering the whole property including the bonds of complainant, is an indispensable party defendant, and if made a party defendant the court would be without jurisdiction to hear and determine the cause, for the reason that the said plaintiff and the Columbia Trust Company are both citizens and residents of the state of New York, and the requisite diversity of citizenship necessary to give the court jurisdiction would not exist.

Third. That on the facts stated in the bill and the showing made by the parties there was no case made calling for the appointment of a receiver.

On the question of jurisdiction, the District Judge handed down an elaborate opinion in the case, maintaining the jurisdiction of the court in both aspects as presented. While not prepared to concur fully in all of the reasons given by the learned judge, a majority of the judges of this court concur with him in his conclusions. In our opinion, if the said trustee is an indispensable party, and should hereafter appear or be made a party, the said trustee will necessarily, by reason of interest, be aligned with the plaintiff. Under the showing made by the bill and by evidence before the court, there seems to be no question that, if the court retains jurisdiction, the appointment of the receiver was not only proper, but necessary.

The decree appealed from is affirmed.

WALKER, Circuit Judge, not concurring.